```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LINDA SANDERS-PEAY,
                                                                NOT FOR PUBLICATION
                        Plaintiff,                              **MEMORANDUM & ORDER**
                                                                14-CV-4534 (CBA)(MDG)
        -against-

NYC DEPARTMENT OF EDUCATION,
ROSLINDA WARREN, NYPD, BROOKLYN
DISTRICT ATTORNEY, TEMCO JANITORIAL
COMPANY, LESLIE FRAZIER, ALEXIS
SICARD, MOLITA MOHAMMED,

                        Defendants.
-----------------------------------------------------------X
AMON, Chief United States District Judge:
```

On July 23, 2014, plaintiff Linda Sanders-Peay filed this pro se action alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), unlawful arrest under 42 U.S.C. § 1983 and state law, and a state law claim for defamation. For the reasons set forth below, the Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), dismisses the complaint in part and directs plaintiff to file an amended complaint within 30 days of the entry of this Order.

## BACKGROUND

Sanders-Peay alleges that she is an employee of the New York City Department of Education ("NYC DOE") and that her workplace was located at 180 Chauncey Street in Brooklyn, presumably at Public School 21 ("P.S. 21"). Compl. ¶ 3, at 6, 8. She does not indicate her position at the NYC DOE or how long she has been employed.

Accordingly to the allegations in the complaint, on April 20, 2012, defendant Leslie Frazier ("Frazier"), the assistant principal at the time, prompted defendant Alexis Sicard ("Sicard") to call

the police and falsely report that Sanders-Peay committed an assault.[1] Id. ¶ 8. In addition, Frazier asked her brother, an NYPD officer, to use his position to ensure that Sanders-Peay would be arrested. Id. at 6. As a result, unspecified NYPD officers arrested Sanders-Peay. Id. Ultimately, the Brooklyn District Attorney charged Sanders-Peay with an unspecified crime and proceeded to trial on those charges. Id.

During the pendency of the criminal case, Frazier instructed the human resource director for the school to place Sanders-Peay on suspension without pay or benefits. Id. ¶ 8, at 6. In addition, defendants Frazier, Sicard, Molita Mohammed ("Mohammed"), Rosalinda Warren ("Warren"), as well as non-parties Dietrich Tunney, Regina Bufford and Joe Souffrunt, "got together and assassinated [Sanders-Peay's] character, integrity and loyalty to [her] community and parents. They all asked staff and parents to call 311 and the District Office against [Sanders-Peay] and to make complaints to have [her] removed [or] terminated." Id. at 6.

After more than a year of court proceedings, Sanders-Peay was "exonerated" and returned to work on March 25, 2014. Id. at 6. At that point, Frazier began "treat[ing] [Sanders-Peay] unfairly because of [] Frazier's personnel vendetta against [her]." Id. at 10. Specially, Frazier instructed the janitorial staff not to clean her office or remove furniture that had been stored there during her suspension. Id. at 6, 8. When Sanders-Peay attempted to move the furniture herself, she injured her shoulder and neck. Id. Although Sanders-Peay told Frazier about her injuries, Frazier failed to file a formal injury report as required by NYC DOE protocol. Id. at 8.

---

[1] For the purposes of this Order, the Court accepts all factual allegations in the complaint as true and grants Sanders-Peay all reasonable inferences drawn from those facts.

2

Moreover, Frazier ignored complaints that Sanders-Peay raised about her safety in an attempt to compel her resignation. Id. at 8. In particular, Sanders-Peay reported feeling unsafe after Sicard made unspecified remarks about her safety when the two women passed each other in the hallway. Id. at 8. Rather than addressing that issue, Frazier responded that Sanders-Peay "should look for someplace else to go if [she's] afraid for her life." Id. at 8. Frazier also instructed non-party staff members to lock certain doors once Sanders-Peay entered the building so that she could not use them. Id. at 8, 10.

Finally, Frazier failed to notify Sanders-Peay of planned construction in the building that would require her to secure personal belongs. Id. at 10. As a result, her "iPod . . . and [a] roll of Bounty" were stolen. Id.

Sanders-Peay filed a charge with the New York state authorities and the U.S. Equal Employment Opportunity Commission ("EEOC") in September 2013. Id. ¶¶ 9-10. The EEOC dismissed the charge on April 24, 2014 and notified Sanders-Peay of her right to sue in federal court. See id., Unmarked Exhibit.

Using the Court's employment discrimination form complaint, Sanders-Peay timely commenced this suit, primarily alleging that defendants discriminated against her on the basis of race, color, age and gender in violation of Title VII. Id. at 1, ¶ 7. She bases her Title VII claim on the "[u]nequal terms and conditions of her employment," "[r]etaliation" against her and "[o]ther acts." Id. ¶ 4. Notably, in the space left for "[o]ther acts," Sanders-Peay alleges that defendants also "[d]efam[ed] [her] character" and had her "wrongfully arrested." Id.[2]

---

[2] Although Sanders-Peay listed her defamation and wrongful arrest allegations in the space provided to detail the discriminatory conduct against her, compl. ¶ 4, the Court construes them as separate claims. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per

3

## DISCUSSION

### I.  Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of the complaint, the Court assumes all factual allegations are true, but gives no weight to legal conclusions. Id.

Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman, 470 F.3d at 474-75; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

Nonetheless, the Court is required to dismiss a complaint filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks

---

curiam) (holding district courts have an obligation to read pro se complaints as raising any legal claim that is reasonably supported by the allegations); Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("[P]ro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim."); see also Berry v. Vill. of Millbrook, 09-CV-4234 (KMK), 2010 WL 3932289, at*1 n.1 (S.D.N.Y. Sept. 29, 2010) (construing allegations as raising a § 1983 claim even though plaintiff failed to explicitly assert one). The Court's duty to read pro se complaints liberally applies here with special force because the form complaint provides no space for a plaintiff to raise related claims that fall outside the scope of employment discrimination. See Triestman, 470 F.3d at 475.

4

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## II. Claims Under Title VII

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

Under that provision, Sanders-Peay asserts claims against both her employer, the NYC DOE, and numerous other defendants, including the NYPD, the Brooklyn District Attorney, Temco Janitorial Company (the "Non-Employer Entity Defendants"), and Warren, Frazier, Sicard and Mohammed (the "Individual Defendants"). The Court considers the claims against the Non-Employer Entity Defendants and the Individual Defendants before turning to the claim against the NYC DOE.

### A. Title VII Claims Against the Defendants Other than the NYC DOE

It is well-settled that individuals are not subject to liability under Title VII. Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). Nor are claims against non-employers cognizable under Title VII. See Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006). Accordingly, Sanders-Peay's claims against the Non-Employer Entity Defendants and the Individual Defendants cannot proceed under Title VII and are hereby dismissed with prejudice.[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Sanders-Peay also indicated that she faced discrimination based on age, but opted not to file a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). Compl. at 1, ¶ 7. In any event, such a claim must fail because the scope of the ADEA does not extend

### B. Title VII Claim Against the NYC DOE

Although "an employment discrimination plaintiff need not plead a prima facie case of discrimination," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), "dismissal is nevertheless appropriate where the plaintiff 'failed to allege even the basic elements of a discriminatory action claim.'" Maldonado v. George Weston Bakeries, 441 F. App'x 808, 809 (2d Cir.2011) (quoting Patane v. Clark, 508 F.3d 106, 112 n. 3 (2d Cir.2007) (per curiam)). "The sine qua non of a . . . discriminatory action claim . . . is that "the discrimination must be because of [the protected characteristic]." Patane, 508 F.3d at 112 (quotation marks and citation omitted).

Therefore, to avoid dismissal, a plaintiff must "allege facts showing a plausible inference of discrimination" because of a protected characteristic. De La Pena v. Metro. Life Ins. Co., 552 F. App'x 98, 98-100 (2d Cir. 2014), aff'g 953 F. Supp. 2d 393 (E.D.N.Y. 2013); see Patane, 508 F.3d at 112-13 & n.3 (affirming dismissal of Title VII claim where complaint failed to "set forth any factual circumstances from which a[n] [improper discrminatory] motivation . . . might be inferred"). "Naked assertions of race discrimination . . . without any specific [factual] allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's [protected characteristic] [are] too conclusory to withstand a motion to dismiss." Gaddy v. Waterfront Comm'n, No. 13-CV-3322 (AT)(HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014) (internal quotation marks and citations omitted).

Here, Sanders-Peay fails to allege any facts linking her claims of unfair treatment to her race, color or gender. Rather, as currently presented, the complaint rests solely on personal disputes that

---

to claims against non-employers or individuals. See Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011); see also Martin v. Chem. Bank, 129 F.3d 114 (2d Cir. 1997) (scope of ADEA mirrors that of Title VII); Tomka, 66 F.3d at 1313 (no Title VII claims against individuals); Gulino, 460 F.3d at 370 (no Title VII claims against non-employers).

fall outside the scope of Title VII.[4] See Compl. at 10 (alleging that Sanders-Peay was "treated unfairly because of [] Frazier's personal vendetta against [her]"); see Johnson v. City Univ. of N.Y., 14-CV-587 (VEC), 2014 WL 4412475, at *1 (S.D.N.Y. Sept. 8, 2014) ("Bullying and harassment have no place in the workplace, but unless they are motivated by the victim's membership in a protected class, they do not provide the basis for an action under Title VII."). The Title VII claim against NYC DOE is therefore dismissed with leave to replead.[5]

### III. Defamation Claims

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the [plaintiff's] interest in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001) (citation omitted).[6] To establish a plausible claim of slander, a plaintiff must plead that defendants made (i) a defamatory statement of fact, (ii) concerning the plaintiff, (iii) which is false, (iv) was published, (v) made with the applicable level of fault, (vi) causing damages (or constituting slander per se) and (vii) that was not protected by privilege. Id. (citing Dillon v. City of N.Y., 261 A.D.2d 34, 37-38 (N.Y. App. Div. 1999)).

---

[4] To the extent Sanders-Peay asserts an ADEA claim against the NYC DOE, it fails for the same reason as her Title VII claim. See Lawtone-Bowles v. City of N.Y., Dep't of Sanitation, 13-CV-1433 (JGK), 2014 WL 2429070, at *6 (S.D.N.Y. May 30, 2014) ("To plead a claim of age discrimination under the ADEA, the plaintiff must allege sufficient facts to support a plausible inference that she suffered an adverse employment action because of her age.")

[5] In order to make such a claim plausible, Sanders-Peay must allege facts sufficient to show (1) an adverse employment action (2) based on a protected characteristic, like race, color, gender or age. See, e.g., Patane, 508 F.3d at 112-13.

[6] Generally such words are slanderous when spoken and libelous if written. Albert, 289 F.3d at 265. Here, it is not clear whether Sanders-Peay intended to raise a claim for slander or libel (or both), however since the distinction is irrelevant for the purposes of the instant motion, the Court refers to her claim as one of defamation without distinguishing between the two component torts.

Although the New York Civil Practice Law and Rules ("CPLR") requires a defamation plaintiff to plead the words of the purported defamation with particularity, CPLR 3016(a), that procedural requirement does not govern in federal court. Bloom v. Fox News of L.A., 528 F. Supp. 2d 69, 73-74 (citing Berwick v. New World Network Inter., Ltd., No. 06-CV-2641 (JGK), 2007 WL 949767, at *11 (S.D.N.Y. Mar. 28, 2007)). Instead, a federal plaintiff need only plead her claim "with sufficient particularity to put the defendants on notice," as required by Rule 8 of the Federal Rules of Civil Procedure. Id.

Here, Sanders-Peay alleges that Frazier, Sicard, Mohammed and Warren, along with a number of non-parties, made statements to both parents and the City "assassinat[ing] [her] character, integrity and loyalty to [her] community and parents" in order to seek her removal. Compl. at 6. Even read liberally, that allegation does not suffice because it provides no basis on which to infer that those defendants made a false statement of fact. Accordingly, the defamation claims are dismissed with leave to replead.

## IV. False Arrest Claim

The Court construes Sanders-Peay's complaint as asserting a § 1983 claim for false arrest in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and the analogous state law torts of false arrest and imprisonment. See Triestman, 470 F.3d at 475; Berry, 2010 WL 3932289, at *1 n.1.

Whether brought under the U.S. Constitution or New York tort law, those claims require the same four basic elements: "(i) that defendant intentionally confined plaintiff, (ii) plaintiff was conscious of the confinement, (iii) plaintiff did not consent to the confinement and (iv) the confinement was not otherwise privileged." Fleming v. Mattingly, 08-CV-3074 (ARR)(LB),

2012 WL 2953969, at *4 (E.D.N.Y. July 19, 2012). Critically, to avoid dismissal a plaintiff must show that law enforcement acted without the support of probable cause. Id.

Likewise, a false arrest claim is cognizable against a non-law enforcement defendant who instigates an arrest by knowingly providing false information to the police. Chepilko v. City of N.Y., No. 06-CV-5491 (ARR)(LB), 2012 WL 398700, at *10 (E.D.N.Y. Feb. 6, 2012) (noting, however, that a false arrest claim under § 1983 also requires a showing that the defendant acted under color of state law) (citing Weintraub v. Bd. of Educ. of City of N.Y., 423 F. Supp. 2d 38, 45 (E.D.N.Y. 2006)).

Here, Sanders-Peay's alleges that "Frazier . . . called the police on [her] and had . . . Sicard make false claims against [her]" and that Frazier's brother, a NYPD officer, "used his job position to have [Sanders-Peay] arrested." Compl. ¶ 8, at 6. Although it is unclear against whom the false arrest claims are directed, the Court construes the allegations as asserting claims against the NYPD, the Brooklyn District Attorney's Office, Frazier and Sicard. See Triestman, 470 F.3d at 475; Berry, 2010 WL 3932289, at *1 n.1.

The claims against the NYPD and Brooklyn District Attorney's Office fail because Sanders-Peay does not allege an underlying violation by an individual police officer or prosecutor.[7] See City of L.A. v. Heller, 475 U.S. 796, 799 (1986). Moreover, the complaint is devoid of any suggestion that the purportedly improper arrest was the result of a municipal policy

---

[7] To the extent Sanders-Peay does not know the names of the individual police officers or prosecutors involved, she may plead her complaint against John or Jane Doe, as appropriate. Any such allegations must also establish that the individual officer or prosecutor in question acted without the support of probable cause. See George v. CSX Transp., Inc., 13-CV-2317 (JS)(ARL), 2014 WL 298275, at *6 (E.D.N.Y. Jan. 28, 2014).

or procedure, as required by Monell v. Department of Social Services, 436 U.S. 658 (1978).[8] Therefore, the Court dismisses those claims, but grants leave to replead.

The false arrest claims against Frazier and Sicard, however, are sufficiently pled. Read liberally, the allegations in the complaint make clear that Frazier and Sicard made false reports to the police, which resulted in Sanders-Peay's arrest. Compl. ¶ 8.

## CONCLUSION

Accordingly, the Title VII claims are dismissed with prejudice as to Warren, the NYPD, the Brooklyn District Attorney, Temco Janitorial Company, Frazier, Sicard and Mohammed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The false arrest claims against Frazier and Sicard survive and the remaining claims are dismissed with leave to amend.

In light of plaintiff's pro se status, the Court provides Sanders-Peay with 30 days from the entry of this Order to file an amended complaint to support her claims for discrimination against the NYC DOE, false arrest and defamation against the various defendants.[9] For her amended complaint to survive dismissal, Sanders-Peay must provide facts sufficient to make her allegations plausible. If she elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the docket number 14-CV-4534 (CBA)(MDG). No summons shall issue and all further proceedings shall be stayed for 30 days or until Sanders-Peay has complied with this order. The amended complaint shall completely replace the original complaint.

---

[8] If Sanders-Peay decides to raise a claim against the NYPD in her amended complaint, the City of New York, rather than the police department, is the proper defendant. See Sommerville v. N.Y. Police Dep't, 12-CV-00165 (KAM)(JMA), 2012 WL 668926, at *2 (E.D.N.Y. Feb. 29, 2012).

[9] In her amended complaint, Sanders-Peay must make clear which of her claims are asserted against each of the defendants.

10

If Sanders-Peay fails to file an amended complaint within the time allowed or the amended complaints fails to comply with this order, all claims, with the exception of the false arrest claims against Frazier and Sicard, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

Dated: November 1�, 2014
Brooklyn, New York