UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LINDA SANDERS-PEAY,

            Plaintiff,

-against-

NYC DEPARTMENT OF EDUCATION,
ROSLINDA WARREN, NYPD, BROOKLYN
DISTRICT ATTORNEY, TEMCO
JANITORIAL COMPANY, LESLIE
FRAZIER, ALEXIS SICARD and MOLITA
MOHAMMED,

            Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-4534 (CBA) (MDG)

AMON, Chief United States District Judge.

On July 23, 2014, plaintiff Linda Sanders-Peay, proceeding pro se, initiated this action alleging employment discrimination, false arrest and defamation against a number of defendants. (DE #1.) By Order dated November 18, 2014, the Court granted Sanders-Peay's motion to proceed in forma pauperis and dismissed a number of the claims and defendants with leave to replead within 30 days. (DE #5.) Because Sanders-Peay failed to do so within the time allotted, the Court construed the Complaint as solely raising false arrest claims against defendants Frazier and Sicard. (DE #6.)

On February 18, 2015, Sanders-Peay sought to amend her Complaint to address the deficiencies identified in the Court's November 18 Order and submitted a number of supporting documents, including large portions of the transcript from her state court trial. (DE #10.) Based on her claim that she did not receive the November 18 Order, Sanders-Peay requested that the Court accept her otherwise untimely submission and permit her to proceed with all claims raised in her Complaint. (See id.) As the defendants have not been served (much less responded to) the Complaint, the Court grants her motion to amend, Fed. R. Civ. P. 15(a)(1)(B), but concludes that

1

it properly dismissed her claims for employment discrimination and defamation. However, the Court finds that the supplemental materials sufficiently plead a claim of First Amendment retaliation against defendant Frazier and therefore permits that claim to proceed.

## BACKGROUND

The Court assumes familiarity with the facts of this case as laid out in its November 18 Order and therefore summarizes only those facts relevant to the newly presented First Amendment claim. That claim centers on a December 2011[1] complaint that Sanders-Peay filed with the Department of Education alleging that the principal and assistant principal of P.S. 21, Harold Anderson and defendant Frazier respectively, stole "funding and time" from the Department. (DE #10 at 7.) Specifically, Sanders-Peay claimed that "[Anderson and Frazier] had tampered with [her] pay records; that A.P. Frazier had been paid by Principal Anderson for per session work that she did not do; and that A.P. Frazier had used school funds to purchase six i-Pads for personal use." (Id. at 14.) The Department's Office of Special Investigations ultimately dismissed that complaint as unsubstantiated. (Id.)

Nevertheless, Sanders-Peay alleges that in response to those allegations, Frazier told her "personally that she was coming after me." (Id.) According to Sanders-Peay, in May 2013 defendant Frazier, then Interim Acting Principal, made good on that threat by refusing to allow Sanders-Peay to return to work following the resolution of the state criminal case against her. (Id. at 6.) Sanders-Peay alleges that former-Principal Anderson told her that the suspension was "Frazier's way of retaliating against [her] because [she] had [Frazier put] under investigation . . . ." (Id.)

---

[1] Although a report from the Department's Office of Legal Services indicates that Sanders-Peay filed her complaint in May 2012, Sanders-Peay insists that the correct date was December 15, 2011 and so the Court accepts that date for the purpose of her motion. (DE #10 at 14.)

2

## DISCUSSION

### I. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of the complaint, the Court assumes all factual allegations are true, but gives no weight to legal conclusions. Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complain with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman, 470 F.3d at 474-75; see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### II. Previously Dismissed Claims

In its November 18 Order, the Court provided Sanders-Peay with leave to replead her employment discrimination and defamation claims. But because the supplemental materials fail to allege facts showing that Sanders-Peay suffered an adverse employment action based on a characteristic protected by federal, state or local law,[2] her request to revive her discrimination claim is denied.

Similarly, Sanders-Peay fails to state a defamation claim because she provides no basis on which to infer that the statements in the purportedly defamatory emails and letters from

---

[2] In a complaint submitted to the New York State Division of Human Rights, Sanders-Peay checked the boxes for discrimination on the basis of arrest record and discriminatory retaliation. (DE #10 at 4.) However, in support of those claims she alleged only that "Frazier framed me and had me arrested" and retaliated against her based on her prior complaint of misconduct to the Department of Education. (Id.) Even read liberally, those facts fail to allege a claim of discrimination based on a protected characteristic; rather, those allegations go to Sanders-Peay's distinct claims for false arrest and First Amendment retaliation.

parents were false. Therefore, those claims were properly dismissed. See Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001).

Finally, Sanders-Peay was given leave to replead her false arrest claims against the NYPD and the City of New York because she failed to identify an underlying violation by an individual police officer or a relevant municipal policy or procedure. Although the police report included in her supplemental materials identifies the arresting officer as Officer Hemchand Kuar of the 81st precinct, nothing in those materials alleges that he acted without probable cause. To the contrary, the police report plainly states that the complaining victim told the officer that Sanders-Peay "held her from behind while [Sanders-Peay's] daughter punche[d] her numerous times using a close[d] fist." (DE #10 at 43-44.) Nor does Sanders-Peay allege any new facts pertaining to a relevant municipal policy or procedure facts. Accordingly, she fails to allege a false arrest claim against either Officer Kuar or the City of New York.

## III. First Amendment Claim

"The First Amendment protection of a public employee's speech depends on a careful balance 'between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" Lane v. Franks, --- U.S. ---, ---, 134 S. Ct. 2369, 2374 (2014) (quoting Pickering v. Bd. of Ed. of Township High Sch. Dist. 205, Will Cnty., 391 U.S. 563, 568 (1968)). As such, the Supreme Court has laid out a two-step inquiry governing such claims: the Court must first consider whether the employee "spoke as a citizen on a matter of public concern" before proceeding to ask whether "the government entity had an adequate justification from treating the employee differently from any other member of the general public." Id. at 2378 (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)).

4

Once the employee has established that her speech was subject to First Amendment protection, to make out a retaliation claim she must demonstrate that "(1) [her] speech addressed a matter of public concern, (2) [s]he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that [her] speech was a motivating factor in the determination." Mandell v. Cnty. of Suffolk, 316 F.3d 368, 382 (2d Cir. 2003) (internal quotation marks and citation omitted).

In her December 2011 complaint, Sanders-Peay alleged that Anderson and Frazier (1) improperly reduced her compensation, (2) increased Frazier's compensation and (3) used school funds to make personal purchases. (DE #10 at 7, 14.) Although the first allegation is purely a matter of personal economic interest, Bernheim v. Litt, 79 F.3d 318, 324 (2d Cir. 1996), the remaining claims of misappropriation are matters of public concern, see Ross v. Lichtenfeld, 755 F. Supp. 2d 467, 474 (S.D.N.Y. 2010) (speech that concerns "alleged fraud and theft by public servants . . . in a public entity such as a school district clearly involve a matter of public concern"). And despite the fact that Sanders-Peay acquired that information in the course of her employment, she spoke as a citizen because filing such a complaint was not within the scope of her ordinary duties. See Lane, --- U.S. at ---, 134 S. Ct. at 2379-80 (finding that testimony from public employee regarding misappropriation of public funds constituted citizen speech because it was outside the scope of the employee's duties); (DE #10 at 48 (detailing duties of a "School Based Parent Coordinator")).

At least at this preliminary stage, Sanders-Peay adequately plead that she suffered an adverse employment event as a result of her complaint. Specifically, she claims that she could have returned to work in May 2013 following the conclusion of the state court case against her, but Frazier kept her on suspension without pay in retaliation for her prior complaint. (DE #10

at 6.) The Court therefore concludes that Sanders-Peay's First Amendment retaliation claim amy proceed against defendant Frazier.

## CONCLUSION

Accordingly, the Court grants Sanders-Peay's motion to amend, but concludes that its November 18 Order properly dismissed her claims for employment discrimination and defamation. However, construing Sanders-Peay's original and supplemental submissions as an amended complaint, the Court finds that they adequately raise a claim of First Amendment retaliation against defendant Frazier. This matter is referred to Magistrate Judge Marilyn D. Go for pretrial supervision, including matters related to service of process.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

Dated: July  10 , 2015
       Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge